IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04568-PAB

RAINEL CRUZ CRUZ ,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Rainel Cruz Cruz's *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the petition") filed on September 25, 2026. Docket No. 5. Respondent filed a response on October 6, 2026. Docket No. 11.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Cuba who entered the United States most recently on June 18, 2024. He was paroled into the United States on that date pursuant to Section 212(d)(5) of the Immigration and Nationality Act.

[1] The following facts are undisputed unless otherwise noted.

On September 4, 2026, petitioner was working as a commercial truck driver, when a Department of Transportation inspection determined that his load was approximately 2,500 pounds overweight. Docket No. 5 at 8. Immigration and Customs Enforcement ("ICE") officers arrived, and petitioner was taken into ICE custody. *Id.* He was transferred to the Aurora detention facility on September 7, 2026. *Id.* Petitioner states that he did not receive any documents adequately explaining the statutory basis for his detention and that he has not received an individualized bond hearing before an immigration judge. *Id.*

Petitioner asserts one claim in the petition, which he titles "Unlawful continued immigration detention under 28 U.S.C. § 2241." Docket No. 5 at 2. Liberally construing the petition, petitioner asserts that: (1) his warrantless arrest by ICE violated his due process rights, the INA, and the INA's regulations; and (2) he is entitled to a bond hearing under § 1226. *Id.* For relief, he requests that the government be ordered to produce the custody documents supporting his detention, including any custody determination, warrant, bond/parole determination, and any document establishing the asserted detention authority. *Id.* at 4. Further, if the Court determines his present detention is unlawful, he requests immediate release. *Id.* Additionally, apparently in the alternative, he requests an individualized custody/bond review without unnecessary delay. *Id.*

In response to the petition, respondent states, "[f]or purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 11 at 1. Further, respondent

states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of [the] Order, release Petitioner from detention." Docket No. 11 at 1-2.

## I. ANALYSIS

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Thus, his detention is governed by § 1226(a).

Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[2] 8 U.S.C. § 1226(a) (emphasis added). As noted above, Petitioner claims that he was arrested without a warrant and that he is therefore entitled to release. Docket No. 5. Respondent does not address petitioner's claim. Therefore, the Court finds that petitioner was not arrested pursuant to a valid warrant, in contravention of 8 U.S.C. § 1226(a).

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has

[2] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

> reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases). Respondent does not provide any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. Accordingly, the Court finds that respondent lacked statutory authority to arrest petitioner and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or

(a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondent has failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Vo. v. Baltazar*, 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026) ("[T]he Court respectfully disagrees that a bond hearing is an appropriate remedy when a petitioner is detained without the warrant required by § 1226(a)."); *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026).

"[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Rainel Cruz Cruz's *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 5] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner Rainel Cruz Cruz from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED: October 14, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge